STEVEN SOLIMAN, ESQ., SBN 285049
**THE SOLIMAN FIRM**
245 Fischer Avenue D-1
Costa Mesa, CA 92626
Telephone:    (714) 491-4111
Facsimile:    (714) 491-4111
*ssoliman@thesolimanfirm.com*

*Attorneys for Plaintiffs, Thomas Wheeler & Beth Wheeler*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Wheeler and Beth Wheeler, on behalf of themselves and all other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BEDDING PROS LLC d/b/a/ US-MATTRESS, and DOES 1-10 Inclusive,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*),<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*) and,<br>(3)  Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiffs Thomas Wheeler and Beth Wheeler ("Plaintiffs"), on behalf of themselves and all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this class action Complaint against Defendant BEDDING PROS LLC d/b/a US-MATTRESS (hereinafter "Defendant" or "US Mattress") to stop Defendant's practice of falsely advertising that they will provide a "100 Night In-Home Trial" for purchases of their mattresses, implying that consumers have 100 days to try out and return the product if dissatisfied, when in fact they had no intention to honor this advertisement and to obtain redress for a nationwide class of consumers ("Class Members") who were misled, within the applicable statute of limitations period, by Defendant.

2.     Defendant prominently advertised to consumers that their mattresses came with a "100 Night In-Home Trial" for the purchase of their mattresses ("the Class Products").

3.     Plaintiffs and others similarly situated viewed and relied on these advertisements on Defendant's webpages, which continue to carry these advertisements to this day

4.     Defendant misrepresented and falsely advertised to Plaintiffs and others similarly situated that they would provide a "100 Night In-Home Trial" to ensure customers were satisfied with the mattresses.

5.     Defendant's misrepresentations to Plaintiffs and others similarly situated caused them to purchase mattresses from Defendant, and then to pay additional money to Defendant in order to further exchange the mattresses once it was discovered that there was no "100 Night In-Home Trial" that provided a refund.

6.     Defendant took advantage of Plaintiffs and similarly situated

consumers unfairly and unlawfully.

**JURISDICTION AND VENUE**

7.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

8.     This matter is properly venued in the United States District Court for the Central District of California, in that Defendant does business in the Central District of California. A substantial portion of the events giving rise to Defendant's liability took place in this district.

9.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

10.    In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

**THE PARTIES**

11.    Plaintiff THOMAS WHEELER is a citizen and resident of the State of California, County of Orange.

12.    Plaintiff BETH WHEELER is a citizen and resident of the State of California, County of San Diego.

13.    Defendant BEDDING PROS LLC d/b/a US-MATTRESS is a Michigan limited liability company that does business in California, including in

Orange County, that is incorporated in Michigan and has its headquarters in Michigan.

14.    Plaintiffs are informed and believe, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

15.    Plaintiffs are informed and believe, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

16.    Plaintiffs are informed and believe, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

17.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

18.     In or around February 17, 2016, Plaintiffs were viewing Defendant's website, US-Mattress.com, because they were interested in purchasing a new bed for a bedroom in Plaintiffs' house.

19.    Additionally, Defendant was running a sale in order to further induce

Plaintiffs and other consumers to purchase mattresses from Defendant in a limited time period.

20.    After browsing Defendant's website and comparing the prices and features against other comparable providers, Plaintiffs decided to purchase a Class Product from Defendant, in particular a Phillipsburg II Luxury Firm Mattress.

21.    The decision to purchase the Class Product from Defendant was materially based on Defendant's representation on the advertising for the Class Product, and on its website generally, that the Class Products came with a "100 Night In-Home Trial."

22.    A true and correct screenshot of the specific webpage for the Class Product purchased by Plaintiffs and advertisement contained therein is as follows:



23.    A true and correct screenshot of the homepage of Defendant's website which includes this advertisement is as follows:

CLASS ACTION COMPLAINT



24.     Neither webpage on its face lists, and both require additional clicks in order to be presented with the specific terms of the "100 Night In-Home Trial," and instead the limited graphic present on both pages is the only advertisement and representation made to consumers.  There is no * or other character pointing Plaintiffs and other consumers to further be advised of the terms of the promise.

25.     On the cart and check-out pages, there are no listed terms and conditions or boxes that must be checked which state that Plaintiffs, and consumers similarly situated to Plaintiffs, agree to any terms and conditions. Further, there is no hyperlink or direction in the body of those webpages directing individuals as to what terms and conditions exist.

26.     Even in the email received by Plaintiffs following purchase of the Class Product, there were no terms and conditions listed or linked to governing the purchase of the Class Products and the "100 Night In-Home Trial" or return policy of Defendant.

27.     Upon receiving the Class Product from Defendant, Plaintiffs were immediately dissatisfied with the size of the Class Product and contacted Defendant about obtaining a return or exchange of the Class Product pursuant to

CLASS ACTION COMPLAINT

the "100 Night In-Home Trial" guarantee. It was at this point that Defendant informed Plaintiffs that despite Defendant's upfront advertisement and representations, "**Mattresses are non-returnable**" and that Defendant would instead charge Plaintiffs a significant fee to exchange the Class Product for another Class Product from Defendant.

28. Further, because the sale during which Plaintiffs had originally purchased the Class Product had ended, there was a significant upcharge in exchanging it for a comparable mattress as well.

29. Plaintiffs were significantly upset by Defendant's refusal to acknowledge, let alone honor, its "100 Night In-Home Trial" advertisement and instead was forced to pay a significant premium in order to exchange the Class Product, as well as denied the opportunity of a refund at all.

30. In total, Plaintiffs were charged $198 for return shipping on the Class Product as well as an additional $130 for the difference in prices, when based off Defendant's advertising they should have had to pay $0 for the return.

31. Such sales tactics employed on Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

32. Plaintiffs are informed, believe, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Class Products from Defendant under the false belief that there was a "100 Night In-Home Trial" such that they could return the product if they were dissatisfied.

33. Plaintiffs reasonably believed and relied upon Defendant's representations in its advertisement.

34. Plaintiffs materially changed their position by purchasing the Class Product from Defendant, and then paying an additional $328 to return and exchange the Class Product after discovering that Defendant would not let

Plaintiffs return the Class Product for a refund despite the advertisements.

35. Plaintiffs would not have purchased the Class Product from Defendant if they knew that the above-referenced statements made by Defendant were false.

36. Had Defendant properly marketed, advertised, and represented that its "100 Night In-Home Trial" was not a trial during which a consumer could return a Class Product if they were dissatisfied but instead that the Class Products were non-returnable at all, Plaintiffs would not have purchased the Class Product from Defendant.

37. Defendant benefited from falsely advertising and representing its refund policy and guarantees for the Class Products. Defendant significantly benefited on the loss to Plaintiffs and provided nothing of benefit to Plaintiffs in exchange.

## CLASS ACTION ALLEGATIONS

38. Plaintiffs brings this action, on behalf of themselves and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

39. Plaintiffs seek to represent a Class (the "Class") defined as follows:

> All California consumers who purchased a Class Product from Defendant within four years prior to the date of filing of the Complaint.

40. Plaintiffs additionally seek to represent a Sub-Class (the "Sub-Class," and collectively with the Class, "the Classes") defined as follows:

> All California consumers who were charged any exchange fees within one hundred (100) days of the purchase of a Class Product Defendant within four years prior to the date of filing of the Complaint.

41. As used herein, the term "Class Members" shall mean and refer to the members of the Classes described above.

42. Excluded from the Classes are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

43. Plaintiffs reserve the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

44. Upon information and belief, the proposed Classes are composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

45. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

46. Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would offer a "100 Night In-Home Trial" and refunds on Class Products to the Classes Members, when in fact, such representations were false.

47. There are common questions of law and fact as to the Classes Members that predominate over questions affecting only individual members, including but not limited to:

    (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in sending a mailed advertisement advertising prices for its services to Plaintiffs and other Classes Members with no intention of providing them;

    (b)    Whether Defendant made misrepresentations with respect to the guarantees and refund policies of its Class Products;

    (c)    Whether Defendant profited from this advertisement;

    (d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.;

    (e)    Whether Plaintiffs and Classes Members are entitled to

equitable and/or injunctive relief;

    (f)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiffs and Class Members; and

    (g)     The method of calculation and extent of damages for Plaintiffs and Class Members.

48.    Plaintiffs are a member of the Classes they seek to represent

49.    The claims of Plaintiffs are not only typical of all class members, they are identical.

50.    All claims of Plaintiffs and the class are based on the exact same legal theories.

51.    Plaintiffs have no interest antagonistic to, or in conflict with, the class.

52.    Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Classes Member, because Plaintiffs were induced by Defendant's advertisement during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiffs' claims are typical of all Classes Members as demonstrated herein.

53.    Plaintiffs will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent themselves and the Classes.

54.    Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

## Individually and on behalf of the Classes

55.     Plaintiffs incorporate by reference each allegation set forth above.

56.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

57.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

58.     Defendants misled consumers by making misrepresentations and untrue statements about the guarantees and refund policy of its Class Products, namely, Defendant made consumers believe that there was a "100 Night In-Home Trial" and a satisfaction guarantee that would pertain to the return of the Class Products if consumers were dissatisfied even though this was not the case.

59.     Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Classes Members.

60.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiffs and the other Class Members have suffered injury in fact. Plaintiffs reasonably relied upon Defendant's representations regarding the "100

Night In-Home Trial" and a satisfaction guarantee that would pertain to the return of the Class Products stated in the advertisements on its website. In reasonable reliance on Defendant's false advertisements, Plaintiffs and other Classes Members purchased Class Products from Defendant based on this guarantee. In reality, no such guarantee existed and Plaintiffs and other Classes Members were denied the material term of a return policy as Defendant's actual policy was that Class Products were non-fundable.

61. Further, Plaintiffs and Sub-Class Members paid exorbitant exchange fees in order to attempt to receive any benefit at all from the Class Products they purchased as they were unable to return the Class Products if they were dissatisfied with them.

62. Plaintiffs allege that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

63. Defendant advertised to Plaintiffs and other putative Classes members, through written representations and omissions made by Defendant and its employees.

64. Defendant knew that they would not provide Plaintiffs and Classes Members with the guarantee and return policy advertised on its webpage.

65. Thus, Defendant knowingly lied to Plaintiffs and other putative Classes members in order to induce them to purchase Class Products from Defendant.

66. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class Members in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause

irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiffs and all Classes Members of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

### Individually and on behalf of the Classes

67. Plaintiffs incorporate by reference each allegation set forth above.

68. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

69. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs

any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

70. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

71. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Classes. Plaintiffs and members of the Classes have suffered injury in fact by purchasing Class Products and being unable to return them based on the advertisements and representations made due to Defendant's decision to mislead consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

72. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiffs and members of the Classes that they could return Defendant's Class Products within one hundred (100) days of purchase if dissatisfied pursuant to the "100 Night In-Home Trial" as advertised on Defendant's webpages, in order to induce them to purchase Class Products from Defendant. In fact, Defendant knew that they had no intention of providing the advertised return policy and guarantee and thus unfairly profited. Thus, the injury suffered by Plaintiffs and the members of the Classes are not outweighed by any countervailing benefits to consumers.

73. Finally, the injury suffered by Plaintiffs and members of the Classes is not an injury that these consumers could reasonably have avoided. After

Defendant falsely represented the guarantees and return policy for its Class Products, consumers materially changed their position by purchasing Class Products from Defendant. After doing so and when attempting to exercise the guarantee and return policy, Defendant stated that the Class Products were non-returnable and thus the consumers were stuck with Class Products they did not want, thus causing them to suffer injury in fact. Defendant failed to take reasonable steps to inform Plaintiffs and Classes Members that the prominent advertisements were false. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Classes. Therefore, the injury suffered by Plaintiffs and members of the Classes is not an injury which these consumers could reasonably have avoided.

74. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

75. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

76. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

77. Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiffs were denied the ability to return or refund the Class Product pursuant to the "100 Night In-Home Trial" advertised on Defendant's webpages, and instead had to pay significant costs to simply

exchange the Class Product. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

78. As explained above, Defendant deceived Plaintiffs and other Classes Members by misrepresenting its return policy and guarantees.

79. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

80. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

81. As explained above, Defendant deceived Plaintiffs and other Class Members by falsely representing its guarantees and return policy for the Class Products.

82. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiffs and Class Members to purchase Class Products from Defendant, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented its return policy and guarantees, Plaintiffs and Classes Members would not have purchased Class Products from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Classes Members.

83. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

84. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiffs and Classes Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally,

pursuant to Business and Professions Code section 17203, Plaintiff and Classes Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

### THIRD CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq.*)

### Individually and on behalf of the Classes

85.    Plaintiffs incorporate by reference each allegation set forth above herein.

86.    Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

b.    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

c.    Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

d.    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

e.    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16).

87.    On or about October 26, 2017, through their Counsel of record, using

certified mail with a return receipt requested, Plaintiffs served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendant. A true and correct copy of Plaintiffs' CLRA notice letter is attached hereto as Exhibit A. Defendant replied to this correspondence, but refused to address the Class Allegations contained therein and thus refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## MISCELLANEOUS

88.     Plaintiffs and Classes Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

89.     Plaintiffs request a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

90.     Plaintiffs, on behalf of themselves and the Classes, request the following relief:

> (a)     An order certifying the Classes and appointing Plaintiffs as Representative of the Classes;
>
> (b)     An order certifying the undersigned counsel as Classes Counsel;
>
> (c)     An order requiring Defendant, at its own cost, to notify all Classes Members of the unlawful and deceptive conduct herein;

1    (d)    An order requiring Defendant to engage in corrective
2           advertising regarding the conduct discussed above;
3    (e)    Actual damages suffered by Plaintiffs and Classes Members as
4           applicable from being induced to call Defendant under false
5           pretenses;
6    (f)    Punitive damages, as allowable, in an amount determined by
7           the Court or jury;
8    (g)    Any and all statutory enhanced damages;
9    (h)    All reasonable and necessary attorneys' fees and costs provided
10          by statute, common law or the Court's inherent power;
11   (i)    Pre- and post-judgment interest; and
12   (j)    All other relief, general or special, legal and equitable, to which
13          Plaintiffs and Classes Members may be justly entitled as
14          deemed by the Court.

15
16   Dated:  September 9, 2018          Respectfully submitted,

17                                      **THE SOLIMAN FIRM**

18

19                                      By: /s Steven S. Soliman
20                                          STEVEN S. SOLIMAN, ESQ.
21                                          Attorney for Plaintiffs Thomas Wheeler
22                                          and Beth Wheeler

23

24

25

26

27

28

**EXHIBIT A**

CLRA Notice Letter

**The Soliman Firm**
245 Fischer Ave., Ste D-1
Costa Mesa, CA 92626
Phone: 714-491-4111
Facsimile: 714-491-4111
www.thesolimanfirm.com

Writer licensed in:
California

E-mail: ssoliman@thesolimanfirm.com

October 26, 2017

**Via U.S. Certified Mail**
**BEDDING PROS LLC**
**35799 Industrial Rd.**
**Livonia, MI 48154**

<u>**Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)**</u>

**Re:** *Thomas Wheeler and Beth Wheeler, individually, and on behalf of all others similarly situated v. Bedding Pros LLC d/b/a/ US MATTRESS.*

To Whom It May Concern:

Please be advised that our office represents Thomas Wheeler and Beth Wheeler ("Plaintiffs"), and other similarly situated individuals, in pursuing class action wide legal claims against Bedding Pros LLC d/b/a US MATTRESS ("Defendant"), for violations of the Consumer Legal Remedies Act ("CLRA") and the California Business and Professions Code §§17200 & 17500 ("BPC").

Thus, please accept this correspondence as notice pursuant to the CLRA, of Defendant's violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

**Facts**

In or around February 17, 2016, Plaintiffs visited Defendant's website to acquire a new mattress. On Defendant's website, Defendant was advertising a limited time sale in order to induce consumers to purchase mattresses from Defendant. Additionally, Defendant prominently advertised a "100 Night In-Home Trial." There was no further explanation of the "100 Night In-Home Trial" on the home page, mattress page, or purchase page. Plaintiffs selected and purchased a Mattress from Defendant. Upon receiving the mattress, Plaintiffs were immediately dissatisfied with the size of it and contacted Defendant to obtain a return or exchange pursuant to the "100 Night In-Home Trial" guarantee. Upon doing so, Defendant informed Plaintiffs that the 100 Night In-Home Trial was for exchanges only, there were significant up charges associated with the exchange, and that because the sale had ended there would be even more upcharges relating to the increase in price. Upon learning that Defendant had misrepresented its "100 Night In-Home Trial" and would charge them significantly more money, Plaintiffs felt ripped off and cheated by Defendant. Because Plaintiffs could not obtain a refund, Plaintiffs felt pressured and forced to pay approximately $328 to exchange the Mattress.

Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer. Plaintiffs allege that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's products. In purchasing the Class Products, Plaintiffs relied upon Defendant's representations. Such representations were clearly false because Defendant failed to disclose that it would enter Plaintiffs and other consumers into an installment agreement for products it had represented as free.

**CLRA (*Cal. Civ. Code* §17500 et seq.) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1.  Section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."

2.  Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

3.  Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."

4.  Section 1770(a)(14) of the CLRA prohibits anyone from "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve…."

5. Section 1770(a)(16) of the CLRA prohibits anyone from "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

By engaging in the conduct detailed above, Defendant violated subsections (5), (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiffs and similarly situated class members to the recovery of actual damages, punitive damages, attorney's fees and costs.

## CBPC & FAL (*Cal. Bus. Prof. Code* §17200 & §17500)

The CPBC §17200 prohibits unlawful, unfair or fraudulent business acts or practices, and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code §*§17200 and 17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c). The CPBC § 17500 prohibits false advertising.

Defendant's conduct, as detailed above, violate numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. Further, said conduct constitutes fraudulent and unfair business practices, all of which subjects Defendant to statutory penalties of $2500 per each class member, as well as actual damages, and attorney's fees and costs.

## Class Potential

At this stage, Defendant's fraudulent and deceptive business practices have impacted thousands of consumers throughout the nation. Thus, we anticipate a nation-wide class of thousands of consumers whom Plaintiffs will more than adequately represent. The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only actual damages, but punitive damages and statutory damages, in addition to attorney's fees and costs.

## Demand

We intend to take this matter up as a class action, and therefore expect that any offers to settle this case must contemplate class-wide settlement. Please contact our offices within twenty (21) days of your receipt of this correspondence, to discuss settlement. Also, please be aware of the CLRA notice provided herein.

Regards,

Steven Soliman, Esq.
Attorney at Law